# MEMORANDUM DECISIONS.

ABBOTT–KATZ BREWING CO., Respondent, v. BENNETT, Appellant. (Supreme Court, Appellate Division, First Department. May 22, 1896.) Action by the Abbott-Katz Brewing Company against Henry Bennett. E. B. Barnum, for appellant. J. C. Guggenheimer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ALLEN, Respondent, v. GRACE, Appellant. (Supreme Court, Appellate Division, Third Department. May 4, 1896.) Action by Jennie Allen against Charles Grace. No opinion. Judgment of county court affirmed, with costs. All concur.

ANARGYROS v. POULIDES. (Supreme Court, Appellate Division, First Department. May 15, 1896.) Action by Soterios A. Anargyros against John W. Poulides. No opinion. Motion granted, with $10 costs.

ASHLEY, Respondent, v. ASHLEY, Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1896.) Action by Sarah M. Ashley against Harford Ashley. No opinion. Motion to dismiss appeal denied.

In re BARKLEY'S WILL. (Supreme Court, Appellate Division, Second Department. June 25, 1896.) Proceeding for the probate of the will of Deborah H. Barkley, deceased. No opinion. Decree of surrogate affirmed, with costs to the respondent, payable out of the estate.

In re BAUDOINE. (Supreme Court, Appellate Division, First Department. May 22, 1896.) In the matter of Charles A. Baudoine. No opinion. Order affirmed, with $10 costs and disbursements.

BAYER, Respondent, v. EQUITABLE GASLIGHT CO., Appellant. (Supreme Court, Appellate Division, First Department. June 5, 1896.) Action by Lizette Bayer, as executrix, against the Equitable Gaslight Company. J. Kling, for appellant. T. McAdam, for respondent. No opinion. Order modified so as to require the plaintiff to serve a copy of his complaint as amended by the order below, and striking out so much of the order as provides that the present answer of the defendant be the answer to the complaint as amended, and as modified affirmed, without costs to either party.

BIBBEY et al., Respondents, v. FROMMEL, et al., Appellants. (Supreme Court, Appellate Division, Third Department. April 20, 1896.) Action by Leonard Bibbey and others against William M. Frommel, impleaded with another. No opinion. Order affirmed, with $10 costs and disbursements. PUTNAM, J., not sitting.

BLODGETT et al., Appellants, v. BUTLER, Respondent. (Supreme Court, Appellate Division, Second Department. June 23, 1896.) Action by William C. Blodgett and another, administrators, etc., against Concetta Butler. No opinion. Judgment affirmed, with costs. All concur.

In re BOARD OF RAPID TRANSIT COM'RS. (Supreme Court, Appellate Division, First Department. May 25, 1896.) In the matter of the application of the board of rapid transit commissioners. No opinion. Motion granted, and compensation fixed at $5,000 each.

BROWN et al., Appellants, v. CENTRAL NAT. BANK et al., Respondents. (Supreme Court, Appellate Division, First Department. June 12, 1896.) Action by John Crosby Brown and others against Central National Bank and others. W. P. Butler, for appellants. William B. Hornblower, for respondents.

PER CURIAM. There is no distinction in the facts disclosed by this record and those that appear in the case of Trust Co. v. Lipman, 91 Hun, 554, 36 N. Y. Supp. 355. The judgment appealed from should be affirmed, with costs.

BROWN, Respondent, v. NEUBAUER et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 2, 1896.) Action by Anna J. Brown against William G. Neubauer and another, as executors of the will of Charles Luckey, deceased. No opinion. Judgment affirmed, with costs. All concur.

BROWN, Plaintiff, v. NEW YORK CENT. & H. R. R. CO., Defendant. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by Charles Brown against the New York Central & Hudson River Railroad Company. No opinion. Motion denied.

BRUNNER, Respondent, v. KAEMPFER, Appellant. (Supreme Court, Appellate Division, First Department. May, 1896.) Action by Marie Brunner against Max Kaempfer. Motion for reargument. See 37 N. Y. Supp. 700.

PER CURIAM. The decision of the court found that the defendant paid the stipulated royalty, and, on the trial of the action, further accounted for his sales to and including the 20th day of April, 1895. The judgment ordered no accounting, and directed no recovery by the plaintiff against the defendant, which would have followed had anything been due on such an accounting in court. There is nothing, therefore, to entitle the plaintiff to any judgment, as it did not appear that there was anything due from the plaintiff to the defendant on the accounting; and, as nothing was due, plaintiff